David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com
(motion for special admission pending)

**To Be Submitted Under Seal**

United States District Court
Middle District of Florida
Tampa Division

| | |
|---|---|
| United States of America ex rel. GNGH2 Inc., <br><br> Plaintiff-Relator, <br><br> - against - <br><br> MEDIAGISTIC, INC. <br><br> Defendant. | Index No.: <br><br> **Complaint** <br><br> 8:24cv 2772 VMC-LSG |

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

I.  **Nature of the Case**

1.  This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in

more detail below, second-round PPP funding is barred to persons who are required to register under the Foreign Agent Registration Act, 22 U.S.C. 611 et seq.

## II.   Parties

2.   Defendant MEDIAGISTIC, INC. ("Mediagistic" or "Defendant") is a Florida business corporation with a principal place of business in the State of Florida, County of Hillsborough.

3.   The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in the State of New Jersey, County of Bergen.

## III   Compliance with Requirements of Suit

4.   This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the this District.

5.   Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV. Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, Defendant is headquartered in Tampa, Florida, in the Middle District of Florida.

## V. Background

7. Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11.   The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if it is required to register under the Foreign Agent Registration Act ("FARA").

12.   Defendant is a marketing agency.  It received second-round disaster relief as follows:

| Loan Number | Date | Amount | Forgiven |
| --- | --- | --- | --- |
| 1397508305 | 1/17/2021 | $1,671,440 | 12/9/2021 |

14.   Thus, on or about January 17, 2021, Defendant completed Form 2483-SD which required it to certify that "[t]he Applicant is not required to submit a registration statement under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. 612)"

15.   The above-referenced certifications were false when made in that at all times relevant to this matter, the Defendant served as a publicity agent for the Saint Lucia Tourism Authority.

16.   Accordingly, Defendants is an entity which is required to submit registration statements  under 22 U.S.C. Section 612, i.e. to register under FARA.

17.   Thus, Defendant made fraudulent representations when it completed form 2483-SD.

18.  As a result of these statements, the Defendant received substantial funds to which it would not otherwise have been entitled.

## VI. (Count I) Violation of the False Claims Act

19. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

20. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21. Thus, the Defendant's certification of eligibility violated the False Claims Act because it was false and required for eligibility for disaster relief.

## VII. Relief Sought

22. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

23. The United States paid (and Defendant received) $1,671,440 in disaster relief as a result of the certifications set forth above.

24. Additionally, the United States paid $50,143.20 in processing fees and $14,625.10 in interest in respect of the above loans.

24. Accordingly, Relator seeks judgment in the amount of $5,208,624.90 against Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.
PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821

Dated:     November 25, 2024